IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                                       Criminal No. 1:04cr27-4

JESSICA MCCRACKEN,
        Defendant.

## **ORDER/OPINION**

On the 5th day of February 2007, came the defendant, Jessica McCracken, in person and by her counsel, Brian J. Kornbrath, and the United States by Shawn Angus Morgan, Assistant United States Attorney, pursuant to an Amended Petition for Warrant or Summons for Offender Under Supervision filed in this case on January 22, 2007, alleging:

1. Violation of Mandatory Condition No. 1: While on supervised release, the defendant shall not commit another federal, state or local crime. The defendant shall not illegally possess a controlled substance.

2. Violation of Standard Condition No. 7: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

    On November 30, 2006, the defendant furnished a urine specimen which was confirmed positive for marijuana and cocaine by Scientific Testing Laboratories, Inc. on December 6, 2006 . . . .

3. Violation of Mandatory Condition No. 1: While on supervised release, the defendant shall not commit another federal, state or local crime. The defendant shall not illegally possess a controlled substance.

4. Violation of Standard Condition No. 7: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

    On December 11, 2006, the defendant furnished a urine specimen which was confirmed positive for marijuana and cocaine by Scientific Testing Laboratories, Inc. on December 15, 2006 . . . .

5. Violation of Standard Condition No. 3: The defendant shall answer truthfully all inquiries

by the Probation Officer and follow the instructions of the Probation Officer.
On December 11, 2006, the Probation Officer directed the defendant to report to the Probation Office in person on December 12, 2006, between the hours of 2:00 p.m. and 4:00 p.m. The defendant failed to report as directed.

6. Violation of Special Condition No. 1: The defendant shall participate in a program of testing, counseling and treatment for the use of alcohol or drugs if so ordered by the Probation Officer.

   On November 30, 2006, the Probation Officer referred the defendant to Phoenix and Associates for substance abuse treatment. The defendant attended a counseling session on December 4, 2006, with Hilry Gordon. The defendant was scheduled for a second counseling session on December 11, 2006, which she failed to attend. It is noted the defendant was in the Probation Office on the morning of December 11, 2006, and the undersigned officer reminded the defendant of the counseling appointment and ensured that the defendant had transportation to the appointment.

7. Violation of Mandatory Condition No. 1: While on supervised release, the defendant shall not commit another federal, state or local crime.

   On December 21, 2006, the defendant, using the name Jessica McKlintock, was arrested for Public Drunkenness and Loitering for the Purpose of Buying/Selling Drugs by McKeesport Police Department in Allegheny County, Pennsylvania. The defendant was convicted and sentenced for Public Drunkenness and Similar Misconduct on December 27, 2006 to serve 25 days in jail . . . .

8. Violation of Standard Condition No. 1: The defendant shall not leave the judicial district without the permission of the court or the Probation Officer.

   On December 21, 2006, the defendant was arrested by the McKeesport Police Department in Allegheny County, Pennsylvania. The defendant did not have permission from the Court or the Probation Officer to travel out of the Northern Judicial District of West Virginia.

Prior to the taking of evidence, Defendant waived the preliminary hearing in writing, conceding probable cause existed to forward this revocation matter to United States District Judge Irene M. Keeley for hearing and disposition.

The Court then explained the charges contained in the Petition and the effect of the proposed waiver to Defendant and inquired of her as to the voluntariness of her decision to waive the preliminary hearing. From the colloquy between the Court and the defendant, the Court concludes Defendant's decision to waive the preliminary hearing was knowingly and voluntarily made.

Upon consideration of all which, the Court finds there is probable cause to believe that the

defendant violated the conditions of her supervised release as alleged in the Amended Petition for Warrant or Summons for Offender Under Supervision filed January 22, 2007.

It is therefore **ORDERED** that the defendant be bound over for a full hearing before the Honorable Irene M. Keeley, Chief United States District Judge for the Northern District of West Virginia on the violations alleged in the Amended Petition for Warrant or Summons for Offender Under Supervision dated January 22, 2007.

It is further **ORDERED** that Defendant is remanded to the custody of the United States Marshal pending further proceedings.

The clerk of the court is directed to send a copy of this order to counsel of record.

DATED: February 7, 2007

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE